Case: 4:03-cv-01237-HEA Doc. #: 8 Filed: 01/05/04 Page: 1 of 11 PageID #: 7

RECEIVED BY MAIL
AUG 8 0 [illegible]
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_____ DIVISION

FILED
JAN 5 2004
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

Charles Peeinler

**NAME OF THE PLAINTIFF OR PLAINTIFFS**
(Enter above the full names of each plaintiff in this action.)

- vs -

Building Stars Advantage

**NAME OF THE DEFENDANT OR DEFENDANTS**
(Enter above the full name of ALL defendant(s) in this action. Fed. R. Civ. P. 10(a) requires that the caption of the <u>complaint</u> include the name of all the parties. Please attach additional sheets if necessary.)

Case No. 4:03CV01237HEA

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. § 2000e-5. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3).

2. Plaintiff Charles Peeinler
   (name of plaintiff)
   resides at: 4771 Maffit , St Louis
   (street address)        (city)
   MO , 63113 .
   (state)  (ZIP code)
   Phone: (314) 381-3719 .

3. The defendant __Builders(?) advantage__ (name of defendant) is an employer, employment agency, or labor organization, as defined in 42 U.S.C. § 2000e, and lives at or its place of business is located at:

__2400 Yulport(?)__ , __St. Louis__ ,
(street address)         (city)

__Plaza Drive(?)__ , __MO__ , __63146__ .
(county)          (state)    (zip code)

**NOTE: IF THERE IS MORE THAN ONE PERSON FILING THE COMPLAINT OR IF YOU ARE SUING MORE THAN ONE PERSON OR COMPANY, PLEASE ADD THE NAMES AND ADDRESSES OF THE ADDITIONAL PERSONS OR COMPANIES ON A SEPARATE SHEET OF PAPER. COPY THE LANGUAGE IN PARAGRAPHS 2 AND 3 FOR ADDITIONAL PLAINTIFFS OR DEFENDANTS.**

4. The address at which plaintiff sought employment or was employed by the defendant(s) is: _____,
(street address)

_____, _____, _____, _____.
(city)  (county)  (state)  (zip code)

5. Defendant discriminated against the plaintiff in the manner indicated in paragraphs 9 and 10 of this complaint on or about: _____.
(day) (month) (year)

6. Plaintiff filed charges against the defendant with the Missouri Commission on Human Rights, charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint, on or about _____.
(day) (month) (year)

2

7. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission, charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint, on or about _____.
　　　　　　　　　　　　　　　　　　　　　　　(day)　　(month)　　(year)

8. The Equal Employment Opportunity Commission issued a Notice of Right to Sue Letter which was received by the plaintiff on _____, a copy of which is attached to
　　(day)　　(month)　　(year)
this complaint.

9. The acts that I complain of in this suit, concern defendant's:

　　(a) _____ failure to employ me.
　　(b) _____ termination of my employment.
　　(c) _____ failure to promote me.
　　(d) _____ other acts (specify): Failure to let me buy a cleaning franchise and met give me a legitimate reason, the reason given was not in the manual, It was because of my race and sex.

10. Defendant's action(s), as stated in paragraph 9, is discriminatory with respect to the following:

　　(a) _X_ my race.　　　　　　(d) _____ my national origin
　　(b) _____ my religion.
　　(c) _X_ my sex.　　　　　　(f) _____ other (specify) _____

3

11. The circumstances under which defendant(s) discriminated against the plaintiff were as follows (Note: if you are suing more than one defendant, please complete this question with regard to each of the named defendants): I filled out an application to buy a cleaning franchise, when I was ready to purchase one. The official told me there was a policy that you had to have a history of steady employment to buy one. I asked him to send me a copy of this in writing and he hung up the phone. I feel it was because of my race that he did this, which I was Black and my sex which was a male. There are no rules in the manual which said you had to have a steady work history to buy a franchise. The court takes jurisdiction because its is a federal question because this unlawful action violates the 14th amendment and 1443 election franchise. It violates the 1983 civil rights bill, too. I had the money to purchase the

(Attach additional sheets as necessary.)

franchise like everyone else and should have been given an opportunity to do it.

12. The acts set forth in paragraph 9 of this complaint are:

    (a) _____ still being committed by the defendant.

    (b) _____ are no longer being committed by the defendant.

    (c) _____ may still be being committed by the defendant.

13. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission, and submits said charges as a brief statement of the facts supporting this complaint.

Wherefore, plaintiff prays for (state what relief is sought): *The opportunity to purchase a franchise, $200,000 punitive and $200,000 compensatory damages, $100,000 for mental anguish pain, suffering and economic loss,* and such other relief as the Court would allow under Title VII of the Civil Rights Act of 1964, as amended.

Signed this *16* day of *August*, 20*03*.

_____

*Charles Painter*
Signature of Plaintiff(s)

 Missouri Department of Labor and Industrial Relations 

# MISSOURI COMMISSION ON HUMAN RIGHTS

| Bob Holden | Catherine Leapheart | Sterling Adams | Donna Cavitte |
|---|---|---|---|
| Governor | Department Director | Commission Chairperson | Commission Executive Director |

October 25, 2002

Mr. Charles H. Pointer
4771 Maffitt
St. Louis, Missouri  63113

RE:     Filing A Complaint

Dear Ms. Pointer:

The information you have submitted to the Commission in regards to filing a complaint has been received and reviewed.

You returned a discharge questionnaire relating to Advantage Building Services. You stated that you were not given the opportunity to purchase a franchise, and as a result you also were not hired. These are two different things. First of all if you are attempting to file a complaint because you were not hired, you have to show that you were not hired due to your race, sex, religion, national origin, a disability or your age. You will need a different questionnaire than the one you have already completed.

Secondly, you have submitted information stating you were not allowed to purchase a franchise because you did not have continuous employment. To file a charge on this you will also have to show that you were not allowed to purchase the franchise due to your race, sex, religion, national origin, or disability. You need to show others of a different race, sex, religion, national origin, or non-disabled whichever the case may be, were allowed to purchase a franchise without continuous employment.

If you are able to provide the additional information, please do so within seven (7) days of your receipt of this letter to me at the address listed below. Should you have any questions, please contact me at (314) 340-4772.

☐ 3315 W. Truman Blvd.  ☐ 505 Washington  ☐ 505 E. Walnut Street  ☐ 4049 Pennsylvania Ave.  ☐ 106 West Center
P.O. Box 1129  St. Louis, MO 63101  Springfield, MO 65805-0025  Suite 150  Sikeston, MO 63801-4110
Jefferson City, MO 65102-1129  Phone: 314/340-7590  Phone: 417/895-5620  Kansas City, MO 64111  Phone: 573/472-5320
Phone: 573/751-3325  FAX: 314/340-7238  FAX: 417/895-5637  Phone: 816/889-5100  FAX: 573/472-5321
FAX: 573/751-2905  TTY: 314/340-7803  FAX: 816/889-5107  TTY: 573/472-5223
TTY: 573/526-5091  TTY: 816/889-5106

Page #2
Pointer Cont'd:

Thank you for your cooperation in this matter.

Sincerely,


Gail A. Foster
Human Rights Officer/ Intake
St. Louis Office

GAF/

DISQUALIFICATIONS

DISQUALIFICATION Judge Limbaugh

I would like to disqualify Judge Limbaugh from hearing this case because of his conservative stand on civil rights. In Pointer v. Missouri Department of Corrections he used information that the county courts said was not true to dismiss my case. The county court said I pleaded guilty to a non-support misdemeanor not a non -support leave state felony and it was imposition of suspended sentence which is not a conviction. I asked the judge to reverse his ruling based on the new evidence and he refused to do it. I was issued a temporary license to be a security officer. If I had any felony convictions I never would have been given a temporary license. I have asked for a notice of appeal.


Disqualification    Judge Webber

I do not want Judge Webber to hear this case because of his conservative stand on civil rights. In Pointer v. St.Louis County Special School District he dismissed the case in favor of defendant when plaintiff , the special education teacher Mrs.Blosser, the principal of Westchester Elementary, the student's parents , and special school district officials made an agreement to meet and discuss the problems Mrs. Blosser had with a student named Willis . Special school district officials called Plaintiff and told him not to come to the meeting and he was later fired denying him of his right to due process violating his Fourteenth Amendment rights. They did not give plaintiff a chance to explain his side of what happened in the classroom and special school district officials used him as a skategoat to cover up the incident between Mrs. Blosser and the student to say he was a bad teacher and the cause of the problem which was not true. Plaintiff was in another part of the classroom when Mrs.Blosser and Willis the student were having their physical confrontation and she asked plaintiff to help her escort him out of the classroom.

*[signature]*

Time Limitations On This Case

Two weeks ago I inquired about what decision the Missouri Commission On Human Rights made on this case because I had not received any response from them when I filed my case. They said they mailed out a letter dated October 25, 2002 to me but I never received it and if I would have received this letter in a timely manner this petition would have been sent in much earlier. The first time I saw this October 25 letter was about on the 18th of October. If this petition is late it is not my fault because I received this letter out of time. I always file my petitions in time. This is the first time a petition of mine was filed late. I would like to have consideration in this case because it was not my fault I received the October 25 letter too late.

Thank you,
Charles Pointer.

Dear Sirs :

    My daughter like to had died from a chemical imbalance two weeks ago and was taken to Washington University Hospital and I am asking for understanding from the court in paying my filing fee. I will have to pay a lot of child support for both of my daughters and a son. I am trying to help pay expenses because of the problems she will face because of her medical condition. I have to pay my house note which is $ 358 dollars a month, my telephone bill which runs on an average of $ 350 dollars a month, my student loans which run about $ 200 dollars a month, and child support which runs about $ 600 dollars a month, light bill $ 70 a month, water bills $ 37 dollars every three months, life insurance $ 23 dollars a month, car repairs and expenses three hundred dollars a month. I tried to get the child support modified but Judge Frawley denied it. I have to pay child support for my first son and I am behind because I was fired from jobs or laid off. Most of the jobs were part time. I have a five hundred dollar gas bill to pay because it was turned off. I was working for a janitorial company called Clean Serve twenty hours a week but they denied me my raises. I work at Century Security and make about $ 900 dollars a month after taxes but its much smaller because of all of the bills I have to pay. I just started working there. I have to pay medical expenses at Connect Care and Max Starkloff each month when I need medication and I have to get treated for my eyes and a liver condition. I get treated for high blood pressure too. I take at least six medications a day. It would take me a longer time to pay the filing fee based on the bills I have. Sometimes I work 8 hours and less when I am called to work. Thank you for taking the time to read my letter.

                                                                           Your truly,
                                                                           Charles Pointer

**Building**Stars
COMMERCIAL CLEANING SOLUTIONS

FRANCHISE OFFERING CIRCULAR

Buildingstars/St. Louis, Inc.
2400 Westport Plaza Drive, Suite 204
St. Louis, MO 63146
(314) 878-8861

*[handwritten: it doesn't say you have to have continuous employment to get a franchise.]*

The franchisee will provide quality cleaning services to the general public in commercial and residential premises. The initial franchise fee is dependent upon the type of franchise program you are purchasing and the amount of Monthly Contract Revenue you wish the Franchisor to provide to you. The initial franchise fee for the Technician Program is $995.00, for the Manager Program is between $3,995.00 -$17,495.00 (depending on the Monthly Contract Revenue you wish to have provided) and $6,995.00 - $33,995.00 (depending on the Monthly Contract Revenue you wish to have provided). The estimated total initial investment required ranges from $1,865-$7,995.00 if you choose the Technician Program, $5,215.00-$24,595.00 if you choose the Manager Program and $8,315- 42,195.00 if you choose the Corporate Program.

Risk Factors:

**THE FRANCHISE AGREEMENT REQUIRES THAT CERTAIN DISAGREEMENTS BE SETTLED BY LITIGATION OR ARBITRATION IN MISSOURI. OUT OF STATE LITIGATION OR ARBITRATION MAY FORCE YOU TO ACCEPT A LESS FAVORABLE SETTLEMENT FOR DISPUTES. IT MAY ALSO COST YOU MORE TO LITIGATE OR ARBITRATE WITH US IN MISSOURI THAN IN YOUR HOME STATE.**

**THE FRANCHISE AGREEMENT STATES THAT MISSOURI LAW GOVERNS THE AGREEMENT, AND THIS LAW MAY NOT PROVIDE THE SAME PROTECTIONS AND BENEFITS AS LOCAL LAW. YOU MAY WANT TO COMPARE THESE LAWS. THERE MAY BE OTHER RISKS CONCERNING THIS FRANCHISE.**

Information about comparisons of franchisors is available. Call the state administrators listed in Exhibit I or your public library for sources of information.

Registration of this franchise with a state does not mean that the state recommends it or has verified the information in this offering circular. If you learn that anything in this offering circular is untrue, contact the Federal Trade Commission.

Effective Date: February 1, 2000

272693.1